UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW BENJAMIN MAJOR,

    Plaintiff,

v.

SOCIAL SECURITY ADMINISTRATION, et al.,

    Defendants.

Case No. 24-cv-03199 BLF (PR)

**ORDER OF DISMISSAL**

Plaintiff, a state prisoner currently housed at the Maguire Correctional Facility in Redwood City, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against the Social Security Administration ("SSA") and "Google.com." Dkt. No. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be addressed in a separate order.

**DISCUSSION**

**A.**    <u>**Standard of Review**</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any

cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.     **Plaintiff's Claims**

Plaintiff claims that his last application for social security benefits in February 2022 was denied.  Dkt. No. 1 at 3.  He seeks "back pay" for social security since 2017.  Id.  He also believes that "Google internet website scapegoated my name and family address to arrest me and spread false news in order to have me shot and stabbed by two different people."  Id.  He wants "Youtube to put back all my past videos…"  Id.

Plaintiff's claim against Google (or Youtube) is not cognizable under § 1983 because these business entities are not state actors.  Purely private conduct, no matter how wrongful, is not covered under § 1983.  *See Ouzts v. Maryland Nat'l Ins. Co.*, 505 F.2d 547, 550 (9th Cir. 1974), *cert. denied*, 421 U.S. 949 (1975).  Furthermore, the allegations are not sufficient to establish the violation of a constitutional right, as they are largely nonsensical and conclusory.  Dkt. No. 1 at 4-6.  It appears beyond doubt that Plaintiff can prove no set of facts in support of this claim which would entitle him to relief.  See *Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007).   Because Plaintiff cannot correct these deficiencies in an amendment, this claim shall be DISMISSED for failure to state a claim for relief.

Furthermore, Plaintiff's attempt to challenge the decision by the SSA through a section 1983 action is inappropriate.  Rather, he may use the court form, "Complaint for Judicial Review of Decision of Commissioner of Social Security," to appeal an

administrative decision.  Accordingly, that claim shall be dismissed without prejudice to filing a new action using the appropriate form and paying the appropriate fees.

## CONCLUSION

For the foregoing reasons, the claim against Google.com is **DISMISSED** for failure to state a claim for which relief can be granted.  Plaintiff may pursue an appeal of the denial of social security benefits against the SSA in a new action.  The Clerk shall include a copy of the form complaint with a copy of this order to Plaintiff.

The Clerk shall terminate any pending motions and close the file.

**IT IS SO ORDERED.**

Dated:  __October 1, 2024_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
PRO-SE\BLF\CR.24\03199Major_dism(ftsac)

3